**Wm. Jere Tolton, III, OSB No. 192692**
jtolton@kilmerlaw.com
**Lori K. DeDobbelaere, OSB No. 940655**
ldedobbelaere@kilmerlaw.com
KILMER, VOORHEES & LAURICK, P.C.
2701 NW Vaughn Street, Suite 780
Portland, Oregon  97210
Telephone: (503) 224-0055
Fax: (503) 222-5290

Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| SALLY ZEIGLER and SCOTT ZEIGLER,<br><br>    Plaintiffs,<br><br>  v.<br><br>AUGUSTAR LIFE ASSURANCE CORPORATION, an Ohio corporation,<br><br>    Defendant. | Case No. 3:25-cv-01991-SB<br><br>DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT<br><br>**Request for Oral Argument** |

# TABLE OF CONTENTS

I.    MOTION.................................................................................................................... 1

II.   MATERIALS PROVIDED IN SUPPORT.......................................................... 1

III.  MEMORANDUM OF POINTS AND AUTHORITIES ..................................... 2

    A.    Legal Standard ................................................................................ 2

    B.    Universal Life Insurance.................................................................. 3

    C.    Breach of Contract .......................................................................... 4

        1.    The Policies lapsed pursuant to their express terms ................................... 4

        2.    Reinstatement requirement – ORS 743.189................................ 7

    D.    Breach of the Implied Covenant of Good Faith and Fair Dealing......................... 9

    E.    Negligence ...................................................................................... 11

        1.    Oregon generally prohibits tort claims
            for purely emotional distress damages..................................... 12

        2.    *Moody* creates a very narrow exception to longstanding precedent ......... 13

        3.    *Moody* is inapplicable to the Zeiglers' negligence claim.......................... 15

    F.    Elder Abuse..................................................................................... 17

        1.    Plaintiffs' sole remedy, if any, is limited to a remedy in contract ............ 17

        2.    Plaintiffs fail to allege facts sufficient to state a claim for elder abuse .... 18

IV.   CONCLUSION.................................................................................................. 20

KILMER, VOORHEES & LAURICK,P.C.
A PROFESSIONAL CORPORATION
2701 NW VAUGHN STREET, SUITE 780
PORTLAND, OREGON 97210
(503) 224-0055 · FAX (503) 222-5290

## TABLE OF AUTHORITIES

**Cases**

*Am. Triticale, Inc. v. Nytco Services, Inc.*, 664 F.2d 1136 (9th Cir. 1981)....................................... 3

*Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937 (2009)...................................................... 2, 3, 16, 19

*Bates v. Bankers Life and Casualty Co.*, 362 Or. 337 (2018)................................................... 18, 19

*BLI Life Inc. v. Am. Gen. Life Ins. Co.*, 581 F. App'x 630 (9th Cir. 2014) ................................... 8

*Bracken v. USAA Gen. Indem. Co.*, No. 3:19-cv-00825-YY,
    2019 U.S. Dist. LEXIS 197356 (D. Or. Nov. 14, 2019)....................................................... 1, 9, 10

*Brazil v. Giuffrida*, 763 F.2d 1072 (9th Cir. 1985).......................................................................... 6

*Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992 (9th Cir. 2010) ............................................... 1, 2

*Estate of Osborn- Vincent v. Ameriprise Fin., Inc.*, No. 3:16-cv-02305-YY,
    2018 U.S. Dist. LEXIS 57027 (D. Or. Feb. 13, 2018)............................................................... 18

*Galla v. State*, No 3:25-cv-01227-AB,
    2025 U.S. Dist. LEXIS 153207 (D. Or. Aug. 8, 2025)............................................................. 12

*Georgetown Realty, Inc. v. Homes Ins. Co.*, 313 Or. 97 (1992) ............................................... 5, 17

*In re Kirkland*, 915 F.2d 1236 (9th Cir. 1990)................................................................................ 3

*Jerusalem v. Mass. Mut. Life Ins. Co.*, No. 20-CV-05810 (HG) (TAM),
    2022 U.S. Dist. LEXIS 194206 (E.D.N.Y. Oct. 25, 2022)......................................................... 6

*Korbholz v. Great-West Life & Annuity Ins. Co.*, 238 F. App'x 287 (9th Cir. 2007).................... 6

*Mashiri v. Epsten Grinnell & Howell*, 845 F.3d 984 (9th Cir. 2017)............................................ 3

*Mason v. Mercury Cas. Co.*, 64 Cal.App.3d 471 (1976) ................................................................ 6

*Mayes v. Am. Hallmark Ins. Co. of Tex.*, No. 22-35075,
    2024 U.S. App. LEXIS 21231 (9th Cir. Aug. 22, 2024) ......................................................... 16

*Moody v. Oregon Cmty. Credit Union*, 371 Or. 772 (2023).................................................... 11, 13

*Moradi-Shalal v. Fireman's Fund Ins. Companies*, 46 Cal. 3d 287 (1988) ................................ 11

*Morrow v. Red Shield Ins. Co.*, 212 Or. App. 653 (2007) ............................................................. 9

*Or. Aero. Inc. v. Navigators Ins. Co.*, No. 3:21-cv-01178-AN,
    2025 U.S. Dist. LEXIS 229572 (Nov. 21, 2025)...................................................................... 14

1 - TABLE OF AUTHORITIES

KILMER, VOORHEES & LAURICK, P.C.
A PROFESSIONAL CORPORATION
2701 NW VAUGHN STREET, SUITE 780
PORTLAND, OREGON 97210
(503) 224-0055 · FAX (503) 222-5290

*Phillips v. Patterson Ins. Co.*, No. 01-1545,
   2002 La.App. LEXIS 942 (La. App. 3 Cir. Apr. 3, 2022) ....................................................... 12

*Prudential Ins. Co. v. Weatherford*, 49 Or. App. 835 (1980) ......................................................... 19

*Reingold v. New York Life Ins. Co.*, 85 F.2d 776 (9th Cir. 1936) .................................................... 8

*Safeco Ins. Co. v. Masood*, 264 Or. App. 173 (2014) ...................................................................... 5

*Schwab v. Comm'r*, 715 F.3d 1169 (9th Cir. 2013) .......................................................................... 4

*Shroyer v. New Singular Wireless Services, Inc.*, 622 F.3d 1035 (9th Cir. 2010) .......................... 2

*Starr v. Baca*, 652 F.3d 1202 (9th Cir. 2011) .............................................................................. 2, 3

*Uptown Heights Assoc. Ltd. P'ship v. Seafirst Corp.*, 320 Or. 638 (1995) ................................... 10

*Vimegnon v. Root Ins.*, No. 3:25-cv-00648-JR,
   2025 U.S. Dist. LEXIS 196725 (D. Or. July 1, 2025). ............................................................. 14

*White v. Unigard Mut. Ins. Co.*, 112 Idaho 94 (1986) ................................................................... 11

*Wilson v. Hewlett-Packard Co.,* 668 F.3d 1136 (9th Cir. 2012) ...................................................... 2

*Zamora-Leon v. United of Omaha Life Ins. Co.*, No. 15-CV-9206 (JMF),
   2017 U.S. Dist. LEXIS 150871 (S.D.N.Y. Sept. 18, 2017) ........................................................ 7

*Zygar v. Johnson*, 169 Or. App. 638 (2000), *rev. den.*, 331 Or. 584, 19 P.3d 356 (2001) ....... 9, 10

**Statutes**

ORS 124.100 ............................................................................................................................... 18, 19

ORS 124.100(1)(a) ............................................................................................................................ 19

ORS 124.100(1)(b) ........................................................................................................................... 18

ORS 124.110 ............................................................................................................................... 17, 18

ORS 124.110(1)(a) ...................................................................................................................... 17, 18

ORS 743.162 ...................................................................................................................................... 5

ORS 743.165 ................................................................................. 4, 5, 7, 9, 11, 15, 17

ORS 743.189 ................................................................................... 7, 8, 9, 11, 15, 17

ORS 746.230 ........................................................................ 11, 12, 13, 14, 15, 16, 17

ORS 746.230(1) ................................................................................................. 12, 13, 16

KILMER, VOORHEES & LAURICK, P.C.
A PROFESSIONAL CORPORATION
2701 NW VAUGHN STREET, SUITE 780
PORTLAND, OREGON 97210
(503) 224-0055 · FAX (503) 222-5290

**Other Authorities**

1 New Appleman Insurance, Bad Faith Litigation 2d § 5.06 (2nd 2025)..................................... 11

3af-106f Appleman on Insurance Law & Practice Archive § 2031 (2nd 2011)............................ 8

8 New Appleman on Insurance Law Library Edition § 84.08 (2025) ............................................ 4

**Rules**

Federal Rule of Civil Procedure 12(b)(6) ..................................................................................... 1, 2

3 - TABLE OF AUTHORITIES

KILMER, VOORHEES & LAURICK, P.C.
A PROFESSIONAL CORPORATION
2701 NW VAUGHN STREET, SUITE 780
PORTLAND, OREGON 97210
(503) 224-0055 · FAX (503) 222-5290

## DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT

## LOCAL RULE 7-1 CERTIFICATION

Pursuant to Local Rule 7-1, counsel for the parties have made a good faith effort to resolve the disputed issues, but have been unable to do so.

## I.     MOTION

Defendant AuguStar Insurance Corporation ("AuguStar") moves to dismiss Plaintiffs Sally and Scott Zeiglers' (the "Zeiglers") Complaint with prejudice, pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to state claims upon which relief can be granted.

## II.     MATERIALS PROVIDED IN SUPPORT

This motion is supported by AuguStar's memorandum of points and authorities, the Declaration of Karen Losher authenticating the universal life insurance policies attached thereto, and Plaintiffs' Complaint (Doc. 1-1, filed Oct. 28, 2025). "Although generally the scope of review on a motion to dismiss for failure to state a claim is limited to the complaint, a court may consider evidence on which the complaint necessarily relies if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion." *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010) (internal quotations and citations omitted); *see also Bracken v. USAA Gen. Indem. Co.*, No. 3:19-cv-00825-YY, 2019 U.S. Dist. LEXIS 197356, at *5 (D. Or. Nov. 14, 2019). Each of these factors is satisfied with respect to the universal life insurance policies at issue (the "Policies"), true and correct copies of which are attached to the Declaration of Karen Losher ("Losher Dec.") at ¶¶ 5-6, Exhibits 1 and 2. (Docs. 8, 8-1, and 8-2). The Zeiglers' breach of contract claim is premised on the Policies, and the Complaint refers to the Policies. *Compl.* at ¶¶ 1-6.

1 – DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

KILMER, VOORHEES & LAURICK, P.C.
A PROFESSIONAL CORPORATION
2701 NW VAUGHN STREET, SUITE 780
PORTLAND, OREGON 97210
(503) 224-0055 · FAX (503) 222-5290

### III.    MEMORANDUM OF POINTS AND AUTHORITIES

The Zeiglers allege four causes of action: (1) breach of contract, (2) breach of the implied covenant of good faith and fair dealing, (3) negligence, and (4) elder abuse. Notably, each of the four claims are premised on the same allegations of wrongful cancellation of the Policies and/or wrongful failure to reinstate the Policies.

The Zeiglers have packaged the same claim under four separate theories. Critically, none of the alleged claims arise from or relate to an insurance claim for policy benefits, which stands to reason Sally Zeigler, the insured under both Policies, is not deceased. An insured generally cannot sue their insurer in tort in the absence of an underlying insurance claim dispute.

### A.    Legal Standard

A motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) may be granted only when there is no cognizable legal theory to support the claim or when the complaint lacks sufficient factual allegations to state a facially plausible claim for relief. *Shroyer v. New Singular Wireless Services, Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). In evaluating the sufficiency of a complaint's factual allegations, the court must accept as true all well-pleaded material facts alleged in the complaint and construe them in the light most favorable to the non-moving party. *Wilson v. Hewlett-Packard Co.,* 668 F.3d 1136, 1140 (9th Cir. 2012); *Daniels-Hall*, 629 F.3d at 998. To be entitled to a presumption of truth, allegations in a complaint "may not simply recite the elements of the cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The court must draw all reasonable inferences from the factual allegations in favor of the plaintiff. *Newcal Inds. v. Ikon Off. Sol.*, 513 F.3d 1038, 1043 n.2 (9th Cir. 2008). The court need not, however, credit a plaintiff's legal conclusions that are couched as factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79, 129 S.Ct. 1937 (2009).

KILMER, VOORHEES & LAURICK, P.C.
A PROFESSIONAL CORPORATION
2701 NW VAUGHN STREET, SUITE 780
PORTLAND, OREGON 97210
(503) 224-0055 · FAX (503) 222-5290

A complaint must contain sufficient factual allegations to "plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr*, 652 F.3d at 1216. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556, 127 S.Ct. 1955 (2007). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Mashiri v. Epsten Grinnell & Howell*, 845 F.3d 984, 988 (9th Cir. 2017) (citing *Twombly*, 550 U.S. at 556) (quotation marks omitted).

A federal court exercising diversity jurisdiction over state law claims "must apply substantive state law." *Am. Triticale, Inc. v. Nytco Services, Inc.*, 664 F.2d 1136, 1141 (9th Cir. 1981) (internal citation omitted). In doing so, "a federal court is bound by the decision of the highest state court." *In re Kirkland*, 915 F.2d 1236, 1238 (9th Cir. 1990).

## B.    Universal Life Insurance

In 2012, AuguStar Life Assurance Corporation f/n/a Ohio National Life Assurance Corporation (hereafter, "AuguStar") issued a flexible premium universal life insurance policy to Scott R. Zeigler, as trustee of the Sally A. Zeigler Irrevocable Trust Dated July 8, 2003 (hereafter, "the Trust") to insure the life of Sally Ann Zeigler for $6 million. At the time, Sally was 78 years of age. The following year, AuguStar issued a second flexible premium universal life insurance policy to insure the life of Sally, now aged 79, for an additional $3 million. *See* Losher Dec., Exhibits 1 and 2. (Docs. 8-1 and 8-2).

Unlike term life insurance, for which the policyholder simply pays a periodic premium that extends coverage for a specific period, flexible premium universal life insurance includes both life

3 – DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

insurance and an interest-bearing account with cash value to create a potential accumulation of money in the policy.

> Universal life insurance is a form of whole life insurance, which allows a policyholder to take advantage of flexible premium once the policy has built up sufficient cash value to pay for the cost of coverage. Once the cash value is "paid up," the owner can reduce or stop payments and instead rely on the cash value to pay for the cost of coverage as premium becomes due. A universal life policy will remain in force as long as the cash value of the policy is sufficient to pay premium.

8 New Appleman on Insurance Law Library Edition § 84.08 (2025). Universal life insurance will only remain in effect, however, if the policy has sufficient cash value to cover the premiums and expenses. *See generally, Schwab v. Comm'r*, 715 F.3d 1169, 1172 (9th Cir. 2013) (discussing the features of universal life insurance).

The Zeiglers allege that AuguStar "wrongfully cancelled" the Policies despite timely premium payments and later acted arbitrarily in denying reinstatement. *Compl*. at ¶ 6. These allegations fail as a matter of law. The Policies contain a grace period and reinstatement rights fully compliant with the Oregon Insurance Code. The Policies expressly require that premiums be **received** at AuguStar's Home Office, prior to the end of the payment due period, to maintain coverage, and permitted lapse when the cash-value account became insufficient to cover monthly charges after the grace period expired. The terms of the Policies are clear and enforceable under Oregon law. There has been no breach.

## C.     Breach of Contract

### 1.  The Policies lapsed pursuant to their express terms

The Zeiglers allege that AuguStar breached the Policies by "refus[ing] to accept premiums that were mailed to AuguStar" within the grace period. *Compl*. at ¶ 4. Oregon law mandates a minimum 30-day grace period for the payment of any premium after the first. During this period, "the policy shall continue in full force." ORS 743.165. The statute does not prohibit the insurer

KILMER, VOORHEES & LAURICK,P.C.
A PROFESSIONAL CORPORATION
2701 NW VAUGHN STREET, SUITE 780
PORTLAND, OREGON 97210
(503) 224-0055 · FAX (503) 222-5290

from requiring that premiums be *received* within the grace period, nor does it specify that the date of mailing constitutes payment. Oregon law requires that a life insurance policy "contain a provision relating to the time and place of payment of premium." ORS 743.162. The Policies comply: "Premiums *must* be **received at our Home Office** in advance of the periods to which they apply." (Policies at p. 10).

Under Oregon law, interpreting an insurance policy is a question of law, and the court's central task is to ascertain the intention of the parties as reflected in the policy itself. *Safeco Ins. Co. v. Masood*, 264 Or. App. 173, 176 (2014) (citing *Hoffman Constr. Co. v. Fred S. James & Co*, 313 Or. 464, 469 (1992) (internal quotations omitted)). When a policy requirement is unambiguous, courts enforce it according to its plain and ordinary meaning. *Id*. Oregon has not adopted a rule that automatically favors the insured's understanding when the contract terms are clear. Instead, contractual intent is determined by the "objective manifestations" of the parties as expressed in the written terms of the policy, not by subjective beliefs about what the terms should mean. *Id*. at 177 (citing *Employers Ins. of Wausau v. Tektronix, Inc.*, 211 Or. App. 485, 503 (2007)). Only when a genuine ambiguity exists does Oregon apply the rule that ambiguities are construed in favor of the insured. *Id.* (citing *Red Lion Hotels, Inc. v. Commonwealth Ins. Co.*, 177 Or. App. 58, 64-65 (2001)).

The premium clause at issue in the Policies expressly states that premiums "*must* be received at our Home Office in advance of the periods to which they apply," and premiums received on or after the Policies terminate will not be accepted. (Policies at p. 10 (emphasis added)). There is no ambiguity. Nothing in Oregon's insurance code invalidates a receipt requirement. ORS 743.165 protects the duration of the grace period, not the mode of payment. AuguStar had an express contractual right to require that premiums be received at its home office

5 – DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

KILMER, VOORHEES & LAURICK, P.C.
A PROFESSIONAL CORPORATION
2701 NW VAUGHN STREET, SUITE 780
PORTLAND, OREGON 97210
(503) 224-0055 · FAX (503) 222-5290

before the close of the grace period. AuguStar's adherence to this term therefore cannot constitute a "wrongful cancellation" as a matter of law.

The Zeiglers rely on the common law "mailbox rule" to insist that premium payments were timely. *Compl*. at ¶ 48. The Complaint contains no allegation that the required payments were received at AuguStar's Home Office within the grace period. The legal issue is whether AuguStar is entitled to enforce the unambiguous term as written.

The mailbox rule does not apply to nullify an express contractual requirement defining when a premium is deemed paid. In *Korbholz v. Great-West Life & Annuity Ins. Co.*, 238 F. App'x 287 (9th Cir. 2007), the Ninth Circuit held that if the life insurance policy in question does **not** explicitly require the premium to be "received" at the insurer's home office to avoid a lapse, mailing the premium during the grace period would likely suffice to prevent the policy from lapsing. By contrast, if the policy unambiguously states that the premium "must be received" by the insurer within the grace period, the mailbox rule **does not apply**, and the premium must be physically received by the insurer in accordance with the unambiguous requirement in the Policies.

AuguStar placed an express condition on the payment of premiums and payment is not presumed "received" when placed in the mail. *See, e.g., Mason v. Mercury Cas. Co.*, 64 Cal.App.3d 471, 475 (1976) (the mailbox rule did not apply where the insured had been put on notice that the renewal request would have to be "received" before the policy could be renewed); *Brazil v. Giuffrida*, 763 F.2d 1072 (9th Cir. 1985) (common law mailbox rule did not apply because insurance policy stated premium must be "received by us" prior to the end of the grace period); *Jerusalem v. Mass. Mut. Life Ins. Co.*, No. 20-CV-05810 (HG) (TAM), 2022 U.S. Dist. LEXIS 194206 (E.D.N.Y. Oct. 25, 2022) (breach of contract claim fails as a matter of law because the unambiguous terms of the flexible premium policies required that premium payments must be "received" prior to the end of the grace period); *Zamora-Leon v. United of Omaha Life Ins. Co.*,

6 – DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

No. 15-CV-9206 (JMF), 2017 U.S. Dist. LEXIS 150871 (S.D.N.Y. Sept. 18, 2017) (mailbox rule does not apply because under the language of the insurance policies, premium payments had to be received by the insurer's home office by the due date for the policies to remain in effect).

Because the mailbox rule cannot override an express contractual requirement as a matter of law, the Policies terminated "without value" under the express grace period clauses. Termination under these conditions is not wrongful; it is the precise outcome contemplated by both the Policies and ORS 743.165.

### 2. Reinstatement requirement – ORS 743.189

The Zeiglers allege that AuguStar acted "arbitrarily and capriciously" and thereby breached the Policies by rejecting "objectively satisfactory" evidence that Sally Zeigler "continued to be insurable" and imposing "additional obligations" for reinstatement "that were not contained in the reinstatement applications. *Compl*. at ¶¶ 53-54. The Zeiglers fail to allege, however, that they satisfied all conditions precedent to reinstatement.

In Oregon, the reinstatement of a lapsed life insurance policy after nonpayment of premiums is governed by specific statutory provisions. Under ORS 743.189, an insurer must provide the right to reinstate a lapsed policy within at least three years, provided the policy has not been surrendered and the insured furnishes "evidence of insurability satisfactory to the insurer" and pays premiums in arrears and "any other indebtedness to the insurer" with interest. Here, the Policies' reinstatement provision allowed reinstatement for five years, two years longer than the three-year minimum required by ORS 743.189. Reinstatement required in pertinent part that the insured (1) apply in writing and provide proof of insurability acceptable to AuguStar; (2) demonstrate that the risk class remained as favorable as originally insured; and (3) pay all accrued premiums and monthly charges owed to reinstate coverage. (Policies at pp. 8, 11). The Zeiglers have not alleged that they met these statutory and contractual requirements.

7 – DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

"All provisions relative to reinstatement must be read together, and the method prescribed therein followed. Where the [insured's] acts are not shown to be a full compliance with the requirements, recovery must be denied." 3af-106f Appleman on Insurance Law & Practice Archive § 2031 (2nd 2011). AuguStar reviewed Ms. Zeigler's reinstatement applications and supporting medical information before denying reinstatement, citing insufficient recent medical evidence. Such determination was within the contractual and statutory discretion conferred by both the Policies and ORS 743.189.

The reinstatement clause conditioned restoration of coverage on proof of insurability "acceptable to us." (Policies at pp. 8, 11). AuguStar's determination that Ms. Zeigler's lack of recent medical records precluded verification of current insurability (at age 90) was neither arbitrary nor capricious. Oregon law does not impose a duty to relax underwriting standards or reinstate coverage absent satisfactory evidence. Indeed, Plaintiffs' complaint alleges that a different insurer required similar documentation for reinstatement, *see Compl*. at ¶ 42, underscoring AuguStar's decision reflected industry-standard underwriting judgment.

"To prevail on its claim that [AuguStar] breached the contract by refusing to reinstate the Polic[ies], [the Zeiglers] must show (1) evidence of insurability satisfactory to [AuguStar], and (2) that [AuguStar's] denial of reinstatement was arbitrary or capricious." *BLI Life Inc. v. Am. Gen. Life Ins. Co.*, 581 F. App'x 630, 632 (9th Cir. 2014). Proof of insurability acceptable to AuguStar was an enforceable condition precedent. The condition upon which AuguStar agreed to reinstate the Policies "was not that proof [of insurability] should be made by the insured, but that such proof should be received "and approved" by AuguStar. *See Reingold v. New York Life Ins. Co.*, 85 F.2d 776, 782 (9th Cir. 1936) ("We cannot rewrite the contract which the parties made, merely because, as it turns out, one party would have been better off had they made a different contract.").

8 – DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

In conclusion, the Policies incorporated all statutory protections mandated by ORS 743.165 and ORS 743.189, and provided even greater leniency through a 61-day grace period and a five-year reinstatement right. The Policies' terminations following non-receipt of premiums within that period was expressly authorized by contract. Accordingly, the "wrongful lapse" and "wrongful refusal to reinstate" allegations fail as a matter of law.

**D.      Breach of the Implied Covenant of Good Faith and Fair Dealing**

The Zeiglers allege AuguStar breached its covenant of good faith and fair dealing by failing to reinstate the Policies. *Compl.* at ¶¶ 59-69. Specifically, the Zeiglers allege, "By imposing additional requirements—none of which were communicated to Ms. Zeigler when she was applying for reinstatement—AuguStar breached its obligations of good faith and fair dealing." *Compl.* at ¶ 65. However, the Zeiglers' claim for breach of the implied covenant is foreclosed by the terms of the parties' contracts, as the Policies at issue expressly permit the discretion exercised by AuguStar in declining reinstatement. The proper form of relief in this instance, if any, is through a claim for breach of the parties' contracts.

Under Oregon law, a claim for breach of the duty of good faith and fair dealing sounds in contract. *Bracken v. USAA Gen. Indem. Co.*, 2019 U.S. Dist. LEXIS 197356, at *10 (D. Or. 2019) (internal punctuation and citations omitted). All contracts include an implied covenant of good faith and fair dealing. *Zygar v. Johnson*, 169 Or. App. 638, 645 (2000), *rev. den.*, 331 Or. 584, 19 P.3d 356 (2001). "The law imposes a duty of good faith and fair dealing to facilitate performance and enforcement of the contract when it is consistent with and in furtherance of the agreed-upon terms of the contract, or where it effectuates the parties' objectively reasonable expectations under the contract; ***however, the implied covenant of good faith and fair dealing does not vary the substantive terms of the contract or impose obligations inconsistent with the terms of the contract.***" *Morrow v. Red Shield Ins. Co.*, 212 Or. App. 653, 661-62 (2007) (emphasis

9 – DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

KILMER, VOORHEES & LAURICK, P.C.
A PROFESSIONAL CORPORATION
2701 NW VAUGHN STREET, SUITE 780
PORTLAND, OREGON 97210
(503) 224-0055 · FAX (503) 222-5290

added) (citing *Best v. U.S. National Bank*, 303 Or. 557, 563 (1987)); *see also Zygar*, 169 Or. App. at 645 (The duty "cannot contradict an express contractual term, nor otherwise provide a remedy for an unpleasantly motivated act that is expressly permitted by the contract.").

This Court has noted, the "implied duty of good faith and fair dealing cannot be construed in a way that changes or inserts terms into a contract. *Bracken*, 2019 U.S. Dist. LEXIS 197356, at *11 (internal citation omitted). "In the same regard, where a contract expressly provides for a unilateral exercise of discretion, the duty of good faith cannot circumscribe that discretion." *Id*. (citing *Arnett v. Bank of America, N.A.*, 874 F. Supp. 2d 1021, 1033-35 (D. Or. 2012)). Ultimately, "[c]onduct consistent with the terms of the contract cannot serve as the basis of a claim of violation of the duty of good faith." *Id.*, at *12 (internal citation omitted); *see also Uptown Heights Assoc. Ltd. P'ship v. Seafirst Corp.*, 320 Or. 638, 651 (1995) (holding that a party invoking its express, written contractual right does not, merely by so doing, violate its duty of good faith).

In this case, the reinstatement provision in the Policies provides for a unilateral exercise of discretion by AuguStar. As discussed above, under the Policies, reinstatement required that the insured (1) apply in writing and provide proof of insurability "acceptable to us"; (2) demonstrate that the risk class remained as favorable as originally insured; and (3) pay all overdue monthly charges and loan interest. (Policies at p. 8, 11). AuguStar reviewed Ms. Zeigler's reinstatement applications and supporting medical information before denying reinstatement, citing insufficient recent medical evidence. Such determination was within the contractual discretion conferred by the terms of the Policies. AuguStar's conduct is consistent with the terms of the contract, and therefore cannot serve as the basis of a claim for breach of the covenant of good faith and fair dealing. *E.g., BGI*, 581 Fed. Appx. at 631-32 (affirming determination that life insurer did not breach covenant of good faith and fair dealing where decision to deny reinstatement was "objectively reasonable" based on insured's age and "virtually" no evidence of insurability).

10 – DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

### E.    Negligence

The Zeiglers allege "AuguStar negligently performed its obligations under the Oregon Insurance Code in connection with its cancellation of and refusal to reinstate the Policies." *Compl*. at ¶ 73. According to the Zeiglers, AuguStar's conduct violated the obligations imposed on an insurer under ORS 743.165, ORS 743.189 and/or ORS 746.230. *Compl*. at ¶ 76. The Zeiglers assert their negligence claim for purely emotional distress damages is permissible under *Moody v. Oregon Cmty. Credit Union*, 371 Or. 772 (2023). *Compl*. at ¶ 6.

*Moody* is inapplicable in these circumstances and, therefore, the claim fails as a matter of law under longstanding Oregon precedent prohibiting tort claims for purely emotional distress damages absent clear exception. In short, *Moody* applies narrowly to negligence claims based on an insurer's mishandling of an insured's insurance claim in violation of the Oregon Unfair Claims Settlement Practices Act (ORS 746.230). The Zeiglers have no insurance claim with AuguStar. The Zeiglers' allegations in the Complaint are for alleged wrongful cancellation and/or failure to reinstate the Policies, which as explained above, are claims for breach of express provisions of the parties' contracts.

"Most jurisdictions hold, properly, that a valid claim for policy benefits is a necessary predicate for a bad faith claim, absent injury to noninsurance interests." 1 New Appleman Insurance, Bad Faith Litigation 2d § 5.06 (2nd 2025); *see also Moradi-Shalal v. Fireman's Fund Ins. Companies*, 46 Cal. 3d 287, 308 (1988) (Considering bad faith claims under similar claims practices statute to that of Oregon and finding, "if the insured is not liable for the claimant's injury, the claimant has no right to damages from the insured, and the claimant cannot be permitted to recover for "unfair conduct" by the insurer…"); *White v. Unigard Mut. Ins. Co.*, 112 Idaho 94, 96 (1986) (finding that the state's unfair claims settlement practices act "does not give rise to a private right of action whereby an insured can sue the insurer for statutory violations committed in

11 – DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

KILMER, VOORHEES & LAURICK, P.C.
A PROFESSIONAL CORPORATION
2701 NW VAUGHN STREET, SUITE 780
PORTLAND, OREGON 97210
(503) 224-0055 · FAX (503) 222-5290

connection with settlement of the insured's claim."); *Phillips v. Patterson Ins. Co.*, No. 01-1545, 2002 La.App. LEXIS 942, at *6 (La. App. 3 Cir. Apr. 3, 2022) (Finding that regarding the state's unfair claims practices statutes, "we conclude that a plaintiff attempting to base her theory on recovery against an insurer on these statutes must first have a valid, underlying, substantive [insurance] claim upon which insurance coverage is based.").

Similarly, ORS 746.230(1)(f) of the Oregon Unfair Claims Settlement Practices Act, cited by the *Moody* plaintiff in her negligence claim, prohibits insurers from failing to settle claims in good faith when liability is reasonably clear—this presupposes the existence of a viable insurance claim. The requirement of an insurance claim is apparent on the face of ORS 746.230 and for the statute to apply, there must therefore be a viable insurance claim. Absent a viable insurance claim, ORS 746.230 does not apply and therefore *Moody* does not apply. The Zeiglers have no insurance claim and, thus, a cause of action for negligence premised on an alleged violation of ORS 746.230 should not be permitted to proceed. There is nothing in the *Moody* decision to suggest that the Oregon Supreme Court intended its ruling to reach a controversy over payment of premiums or reinstatement of lapsed insurance where no insurance claim dispute is present.

### 1. Oregon generally prohibits tort claims for purely emotional distress damages

Under Oregon law "[g]enerally, individuals do not have a protected interest in being free from emotional distress, unless (1) the defendant also physical[ly] injures the plaintiff; (2) the defendant intentionally causes emotional distress; or (3) the defendant also infringes some other legally protected interest." *Galla v. State*, No 3:25-cv-01227-AB, 2025 U.S. Dist. LEXIS 153207 at *4-5 (D. Or. Aug. 8, 2025) (citing *Moody*, 371 Or. at 783 (internal quotations omitted)). As the Oregon Supreme Court explained, "[i]n the third category of cases, this court has looked for a legal source of liability other than foreseeability: 'The injury's foreseeability, standing alone is insufficient to establish the defendant's liability; there must also be another legal source of

12 – DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

KILMER, VOORHEES & LAURICK, P.C.
A PROFESSIONAL CORPORATION
2701 NW VAUGHN STREET, SUITE 780
PORTLAND, OREGON 97210
(503) 224-0055 · FAX (503) 222-5290

liability for the plaintiff to recover emotional distress damages.'" *Moody*, 371 Or. at 784-85 (citing *Philibert v. Kluser*, 360 Or. 698, 703 (2016) (internal punctuation omitted)).

Knowing this, the Zeiglers look to the exception in the insurance space, in which the Oregon Supreme Court in *Moody* permitted an insured's negligence claim to proceed for violation of the Oregon Unfair Claims Settlement Practices Act (ORS 746.230).

### 2. *Moody* creates a very narrow exception to longstanding precedent

The Oregon Supreme Court in *Moody* permitted a claim for negligent infliction of emotional distress for purely non-economic damages against an insurer. The Court held that the plaintiff, a widow making a claim for the death proceeds on her deceased husband's life insurance policy, could recover purely non-economic damages for emotional distress because she fell into the third category of exception: finding her serious emotional distress was a foreseeable result of the defendant insurer's violation of the interest protected by ORS 746.230(1). *Moody*, 371 Or. at 790.

In addressing whether the *Moody* plaintiff could maintain her claim, the Court found it had to determine "whether plaintiff had alleged a foreseeable risk to 'a protected interest' sufficient to subject defendant to liability for emotional distress damages." *Id.* This required the Court to specifically address "whether ORS 746.230(1), the Oregon Unfair Claims Settlement Practices Act, imposes a legal obligation designed to protect insureds and their beneficiaries from the type of emotional harm that results from delayed payment of claims." *Id.* at 796. The Oregon Supreme Court answered both questions in the affirmative and held, "the insurance claim practices that ORS 746.230 requires and the emotional harm that foreseeably may occur if that statute is violated are sufficiently weighty to merit imposition of liability for common-law negligence and recovery of emotional distress damages." *Id.* at 805 ("plaintiff, as the surviving spouse of a deceased breadwinner, has a legally protected interest sufficient to support a common-law negligence claim

13 – DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

KILMER, VOORHEES & LAURICK, P.C.
A PROFESSIONAL CORPORATION
2701 NW VAUGHN STREET, SUITE 780
PORTLAND, OREGON 97210
(503) 224-0055 · FAX (503) 222-5290

for emotional distress damages against her husband's life insurer for failure to reasonably investigate and promptly pay her claim for insurance benefits.").

The court in *Moody* went on to underscore the narrowness of its decision, stating "our conclusion here does not make every contracting party liable for negligent conduct that causes purely psychological damage, nor does it make every statutory violation the basis for a common-law negligence claim from emotional distress damages. Far from it." *Id*. at 806.

This Court has echoed that cautioning from the Oregon Supreme Court. "At most, Oregon jurisprudence suggests that, where an insurance company allegedly mishandles the settlement of a claim, an injured [party] may pursue tort remedies under Or. Rev. Stat. § 746.230(1)." *Vimegnon v. Root Ins.*, No. 3:25-cv-00648-JR, 2025 U.S. Dist. LEXIS 196725, at *9 (D. Or. July 1, 2025). This Court in *Vimegnon* pointed out the initial predicate to the applicability of *Moody* when it explained that a plaintiff may pursue tort remedies under ORS 746.230 "**where an insurance company allegedly mishandles the settlement of a claim**." *Id*. (emphasis added); s*ee also Or. Aero. Inc. v. Navigators Ins. Co.*, No. 3:21-cv-01178-AN, 2025 U.S. Dist. LEXIS 229572, at *6 (Nov. 21, 2025) ("Oregon now permits a negligence per se claim in an insurance dispute based on an alleged statutory, extracontractual obligation not to engage in unfair claims settlement practices." (internal punctuation omitted)).

*Moody* squarely addressed a narrow exception to the general prohibition on recovery of emotional distress damages absent injury or other exception—specifically, an exception premised on violation of Oregon's unfair claims settlement practice statute. Despite their reference to *Moody* and ORS 746.230, the Zeiglers have not alleged any actual violation of the Oregon Unfair Claims Settlement Practices Act in the Complaint.

14 – DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

### 3. *Moody* is inapplicable to the Zeiglers' negligence claim

Plaintiffs' negligence claim is premised on AuguStar's alleged violation of certain provisions of the Oregon Insurance Code, specifically ORS 743.165, ORS 743.189 and/or ORS 746.230. Compl. at ¶ 76. These three statutory provisions specifically pertain to the following:

ORS 743.165 mandates a life insurance policy shall contain a provision specifying a 30-day grace period (or substantially similar period), during which payment of premiums may be made and such policy shall remain in effect.

ORS 743.189 mandates a life insurance policy shall contain a provision permitting for reinstatement in the event of a default in premium payments, within a certain timeframe and under specific circumstances.

ORS 746.230 provides an insurer may not commit unfair insurance claim settlement practices specifically enumerated (a) through (n) in the provision.

To the extent the Zeiglers premise their negligence claim on ORS 743.165 and ORS 743.189, such a claim fails as neither statute can plausibly be interpreted as creating "an interest of a kind that the law protects against negligent invasion,"—as required to state a viable claim of common law negligence under *Moody*. As discussed already herein, both of those statutory provisions specifically dictate that life insurance policies must contain specific provisions. Neither statute creates an independent right of action. The Policies at issue here contain the requisite provisions. *See supra* at pp. 5-9. As such, there is no violation of either statute. Rather, the Zeiglers' claims, as they relate to either statutory provision, are only available in contract. To allow a negligence claim premised on ORS 743.165 and/or ORS 743.189 would be a drastic departure from the narrow exception permitted in *Moody*.

With respect to the Zeiglers' allegations that AuguStar violated ORS 746.230, that is not possible even when taking Plaintiffs' allegations as true. On its face, ORS 746.230 pertains to "claims settlement practices." The statute is silent as to cancellation and/or reinstatement of an

15 – DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

KILMER, VOORHEES & LAURICK, P.C.
A PROFESSIONAL CORPORATION
2701 NW VAUGHN STREET, SUITE 780
PORTLAND, OREGON 97210
(503) 224-0055 · FAX (503) 222-5290

insurance policy. *See* ORS 746.230(1) ("An insurer or other person may not commit or perform any of the following unfair claim settlement practices; [enumerating specific practices (a)-(n), all of which pertain to insurance claims and settlement of the same.]").

Even assuming the Policies are in effect (which they are not due to cancellation pursuant to the contracts' terms), Plaintiffs in this case have not made, nor can they make, an insurance claim at this time. Pursuant to the Policies, a claim can only be made "upon Notice of the Insured's death." (Policies at p. 17). The Unfair Claim Settlement Practices Act is contingent on the existence of an insurance claim. No insurance claim is at issue as Sally Ziegler, the insured under the Policies, is still living. ORS 746.230 is therefore inapplicable, and the Complaint bears that out.

While the Zeiglers cite to the statute, the Complaint is devoid of facts sufficient to establish a violation of the same. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U. S. at 570). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id*.

The Ninth Circuit discussed this standard in the context of a claim for violation of ORS 746.230, finding that in that case, "[e]ven construing [plaintiff's] complaint liberally, it does not contain enough specific factual allegations to establish [the insured] engaged in any unfair claim settlement practices prohibited by ORS 746.230. *See Mayes v. Am. Hallmark Ins. Co. of Tex.*, No. 22-35075, 2024 U.S. App. LEXIS 21231, at *5 (9th Cir. Aug. 22, 2024). In *Mayes*, the court noted that while the plaintiff broadly alleged the insured falsified facts related to his insurance claim, that "[a]lthough ORS 746.230 prohibits an insurance company from misrepresenting facts of policy provisions in settling claims, [plaintiff's] complaint fails to state a claim because it does not specifically describe the allegedly false statements" or the basis for the why the allegations were false. *Id*. at *5 (granting the insurer's motion to dismiss).

16 – DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

In the present case, the Zeiglers' allegations relate to cancellation and/or refusal to reinstate the Policies, which they allege was wrongful. However, there is no indication as to how these allegations violate the Unfair Claims Settlement Practices Act cited in the Complaint. Even construing the Complaint liberally, the Zeiglers provide nothing more than a formulaic recitation of the elements of a negligence cause of action, without sufficient factual specificity to allege any violation of ORS 746.230 by AuguStar.

Plaintiffs have failed to state a claim for negligence premised on a violation of ORS 743.165, ORS 743.189 and/or ORS 746.230. As alleged, permitting the negligence claim to proceed would be a vast departure from the narrow exception carved out by the Oregon Supreme Court in *Moody*.

**F.     Elder Abuse**

Plaintiffs allege a claim for financial abuse of an elder in violation of ORS 124.110 premised on AuguStar's alleged wrongful cancellation of the Policies. *Compl.* at ¶¶ 4, 89. The Zeiglers allege in cancelling the Policies, AuguStar wrongfully took or appropriated property or money from the Zeiglers. *Compl.* at ¶ 89. While not specifically cited in the Complaint, it appears from the allegations that they rely on ORS 124.110(1)(a). The Zeiglers' claim of elder abuse fails for two reasons: (1) the proper remedy is in contract, and (2) the Zeiglers fail to state a claim for elder abuse.

**1.   Plaintiffs' sole remedy, if any, is limited to a remedy in contract**

Under Oregon law, "[i]f the plaintiff's claim is based solely on a breach of a provision in the contract, which itself spells out the party's obligations, then the remedy normally will be only in contract, with contract measures of damages…" *Georgetown Realty, Inc. v. Homes Ins. Co.*, 313 Or. 97, 106 (1992). In *Georgetown*, the Oregon Supreme Court distinguished between contract and tort claims brought by an insured against its insurer, and recognized the general rule under

17 – DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Oregon law that a tort action cannot be instituted against another contracting party absent limited exception. *Id.*

Here, Plaintiffs' claims are based solely on AuguStar's alleged breach of two provisions in the Policies, specifically related to cancellation and reinstatement. *Compl.* at ¶ 56. Plaintiffs' attempt to restate those claims as tort actions is impermissible under longstanding Oregon precedent.

### 2.   Plaintiffs fail to allege facts sufficient to state a claim for elder abuse

ORS 124.110(1)(a) states in relevant part, "[a]n action may be brought under ORS 124.100 for financial abuse… [w]hen a person wrongfully takes or appropriates money or property of a vulnerable person, without regard to whether the person taking or appropriating the money or property has a fiduciary relationship with the vulnerable person." A statutory claim under ORS 124.110 has four elements: "(1) a taking or appropriation (2) of money or property (3) that belongs to an elderly or incapacitated person, and (4) the taking must be wrongful." *Estate of Osborn- Vincent v. Ameriprise Fin., Inc.*, No. 3:16-cv-02305-YY, 2018 U.S. Dist. LEXIS 57027, at *15 (D. Or. Feb. 13, 2018), *citing Church v. Woods*, 190 Or. App. 112, 117 (2003). The Zeiglers cannot as a matter of law establish one or more of these elements. As such, their claim for elder abuse should be dismissed.

Under ORS 124.110, an insurance policy is not considered "money or property" for purposes of the elder financial abuse statute. *Bates v. Bankers Life and Casualty Co.*, 362 Or. 337, 347 (2018). The court in *Bates,* although analyzing a claim pursuant to ORS 124.110(1)(b), reasoned that the money paid as premiums is distinct from the insurance benefits, and the benefits are not money or property that the insurance company wrongfully withholds, but rather, it is a contractual obligation to pay. *Id*. (noting that while insurance policies may be considered property

18 – DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

KILMER, VOORHEES & LAURICK, P.C.
A PROFESSIONAL CORPORATION
2701 NW VAUGHN STREET, SUITE 780
PORTLAND, OREGON 97210
(503) 224-0055 · FAX (503) 222-5290

"in the broadest sense of the word… neither those policies, nor plaintiffs' contractual right to the benefits under those policies constituted the money or property" as referenced in the statute.).

Additionally, to the extent the Zeiglers allege AuguStar wrongfully took the insurance proceeds (money) due under the policy, proceeds that *may* become due under the Policies are not property under the statute. *Bates*, 362 Or. at 347. In *Bates*, the Oregon Supreme Court noted "the money or property at issue must be the money or property of the vulnerable person… not money or property of the [insured] which that person may be obligated by contract to pay the vulnerable person." *Id*. at 347; *see also, Prudential Ins. Co. v. Weatherford*, 49 Or. App. 835, 841 (1980) (interests in a life insurance policy "was not a property interest, but a mere expectancy").

Further, the Complaint involves two life insurance policies, policy numbers C7018149 and C7042842. The C7018149 policy was owned by and paid for by the Trust. Even assuming that an insurance policy is considered money or property for the purposes of the elder financial abuse statutes, which as explained above it is not, the Zeiglers' claim for financial elder abuse of the C7018149 policy would still not satisfy the elements, as that policy was owned by a trust, and therefore an elderly person did not own the policy/any property. *See* ORS 124.100(1)(a) ("'Elderly person' means a person 65 years of age or older.").

While the Complaint alleges that an insurance policy and the rights thereunder constitute "property" within the meaning of ORS 124.100 (*Compl.* at ¶ 84), "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" do not satisfy pleading standards. *Iqbal*, 556 U.S. at 678.

Plaintiffs have not adequately plead the elements of their claim for financial elder abuse, and therefore the claim should be dismissed. Plaintiffs' allegations of wrongful cancellation of the Policies sound in contract.

19 – DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

KILMER, VOORHEES & LAURICK, P.C.
A PROFESSIONAL CORPORATION
2701 NW VAUGHN STREET, SUITE 780
PORTLAND, OREGON 97210
(503) 224-0055 · FAX (503) 222-5290

## IV.     CONCLUSION

For these reasons, Plaintiffs' Complaint fails to state a claim upon which relief can be granted. The Policies lapsed in accordance with their clear and unambiguous terms. Plaintiffs have not alleged facts showing that they satisfied the contractual prerequisites for reinstatement, nor can they plausibly challenge AuguStar's exercise of discretion expressly conferred under the Policies. Their attempts to recast a straightforward contract dispute as tort claims for negligence, breach of the implied covenant of good faith and fair dealing, or elder abuse are foreclosed by Oregon law, which limits such disputes to contract remedies and recognizes only a narrow, inapplicable exception for mishandling of insurance claims. The Complaint should be dismissed in its entirety.

DATED this 5th day of December, 2025.

KILMER, VOORHEES & LAURICK, P.C.


     */s/ Lori K. DeDobbelaere*
Wm. Jere Tolton, III, OSB No. 192692
jtolton@kilmerlaw.com
Lori K. DeDobbelaere, OSB No. 940655
ldedobbelaere@kilmerlaw.com


M:\11502\0001\Pleadings\MTD.docx

20 – DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT